```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
ALLEN J. HANSON,                    )
                                    )
     Plaintiff,                     )
                                    )
          v.                        )    C.A. No. 20-223 WES
                                    )
MARK BOURGET, et al.,               )
                                    )
     Defendants.                    )
                                    )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

I.  Background

Pending before the Court are Plaintiff's Motion to Appoint Counsel, ECF No. 10, and Plaintiff's Motion for Hearing, ECF No. 11.  For the reasons set forth below, the Court DENIES both motions, and also reviews Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B).  In doing so, the Court determines that Plaintiff's Complaint "fails to state a claim on which relief may be granted" and is accordingly dismissed without prejudice.

II. Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim, or seeks damages from a defendant with immunity; this dismissal can be done at any time. 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an

1

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard for dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim is identical to the standard for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). Although detailed factual allegations are not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff[.]" Chase, 2011 WL 6826504, at *2. Although the Court must review pleadings of a pro se plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

III. Discussion

Applying that standard, the Complaint does not contain sufficient facts to state any plausible constitutional violations. Plaintiff makes many allegations against the East Providence Police Department and eleven named members of that department in both their individual and official capacities. See Compl. 1, ECF

No. 1. The allegations include, inter alia, kidnapping, illegal search and seizure, and being forced to give statements. See id. at 4-5. The Complaint does not clearly set forth who did what, as Plaintiff does not ever specifically name any of the defendants in his allegations. Id. Instead, for example, he states that "Detective maliciously lied on [an] affidavit to illegally obtain entry to [his] apartment," but does not state which Detective he is referring to, and alleges that he "was kidnapped at [his] residence . . . taken to police station . . held against [his] will . . . [and] forced to give statements," again without stating who did those things. Id. at 5.

Plaintiff's allegations are also conclusory in nature; he states that he was "tortured then falsely accused . . . without probable cause," but does not explain why the accusation was false, and states that "police tampered with videos and lied under oath" but gives no further detail. Id. Thus, Plaintiff's allegations fail to state a "short and plain statement of the claim," and fail to place Defendants sufficiently on notice to respond to Plaintiff's claims. See Fed. R. Civ. P. 8(a).

Additionally, to the extent that Plaintiff's claims attempt to challenge his prosecution, conviction, or sentence, they are barred for now by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 486-87, 489 (1994), that a Section 1983 cause of action cannot be brought until the criminal proceeding has ended

3

in the defendant's favor, or a resulting conviction has been invalidated. Further, to the extent that Plaintiff's claims seek more than just damages (although the motion only asks for damages), they belong in a habeas corpus petition pursuant to 28 U.S.C. § 2254, which may be brought only after all applicable state-law remedies have been properly exhausted. 28 U.S.C. 2254(b)(1); Tavares v. Macomber, C.A. No. 18-606WES, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019).

IV. Conclusion

For the reasons stated above, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is dismissed without prejudice, and his Motion for Appointment of Counsel, ECF No. 10, and Motion for a Hearing on that motion, ECF No. 11, are both DENIED as MOOT.[1]

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
District Judge
Date: July 22, 2020

---

[1] While Plaintiff may indeed be limited in his ability to prosecute this case for himself, given that his Complaint failed to state a claim pursuant to 1915(e)(2)(B), Plaintiff would not be able to demonstrate the "exceptional circumstances" required to justify the appointment of counsel in a civil case. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("[A]n indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.").

4

5